UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17-CR-0241(1) (PJS/HB) |
| Plaintiff, | |
| v. | ORDER |
| JAMES PATRICK HOWLEY, | |
| Defendant. | |

Sarah E. Hudleston, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Manvir K. Atwal, OFFICE OF THE FEDERAL DEFENDER, for defendant.

Defendant James Howley is charged with one count of distribution of child pornography and one count of possession of child pornography. The government moved to detain Howley pending trial. Magistrate Judge Hildy Bowbeer denied the government's motion and ordered Howley released to a halfway house subject to, among other conditions, 24-hour-a-day lockdown, GPS monitoring, and no access to computers. ECF No. 14.

This matter is before the Court on the government's motion pursuant to 18 U.S.C. § 3145(a)(1) to revoke the release order and detain Howley pending trial. On December 1, 2017, the Court conducted an evidentiary hearing at which it received exhibits from both parties and heard the testimony of Special Agent Robert Blackmore of the Federal Bureau of Investigation.

The purpose of pretrial conditions is to reasonably assure the defendant's appearance in court and avoid endangering the safety of any other person or the community. *See* 18 U.S.C. § 3142(c)(1). Under 18 U.S.C. § 3142(e), a court may order that a defendant be detained pending trial only if the government proves by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). In this case, because Howley is charged with distributing child pornography, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure his appearance and the safety of the community. 18 U.S.C. § 3142(e)(3)(E) (creating a rebuttable presumption for defendants charged with "an offense involving a minor victim under [18 U.S.C.] section . . . 2252(a)(2)"); ECF No. 1 at 1-2 (charging Howley with distributing child pornography in violation of 18 U.S.C. § 2252(a)(2)). As a result, Howley "bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *Abad*, 350 F.3d at 797 (citation and quotations omitted).

Courts consider the following factors to determine whether a condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community:

> (1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the seriousness of the danger to the community or to an individual.

*Id.*; *see* 18 U.S.C. § 3142(g).  In addition, if Howley meets his burden of production, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court."  *Abad*, 350 F.3d at 797 (citation and quotations omitted).

Having reviewed the evidence and the relevant factors de novo, *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc), the Court finds that the government has met its burden of proving, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure Howley's appearance.

As noted, Howley is charged with distributing and possessing child pornography.  The indictment further alleges that Howley has two prior convictions for criminal sexual conduct, thereby subjecting him to the risk of a mandatory minimum 15-year sentence under 18 U.S.C. § 2252(b) (and possibly a much longer recommended sentence under the United States Sentencing Guidelines).  As Howley is 66 years old, this would most likely be a de facto life sentence.

The evidence against Howley, as described by Special Agent Blackmore at the evidentiary hearing, appears to be overwhelming.  A September 2015 search of

Howley's residence revealed child pornography on multiple computers in Howley's bedroom. Although Howley denied knowledge of the pornography, he admitted that no one else used the computers in his room and further admitted searching for pornography on the Internet using terms such as "teen." In addition, the GigaTribe program was installed on one of the computers, and a forensic examination of the computer revealed that it had been used by someone going by the name "shane4" to navigate the GigaTribe network. Prior to the search of Howley's home, a user named "shane4" had used GigaTribe to share a folder containing child pornography with Special Agent Blackmore. The IP address used by shane4 was linked to Howley's home. Finally, GigaTribe chat history showed shane4 asking other users for files and making comments about liking pre-teen boys. Gov't Ex. 8 at 4.

Howley has no recent ties to Minnesota. For the two years prior to his arrest, he lived in Arizona. His niece, with whom he was living in Minnesota before the move, told the FBI that Howley had "pretty much disappeared on her." Gov't Ex. 10. She did not have a phone number for him and only knew that he had moved to the Tucson area. *Id.* Although Howley grew up in Minnesota, his parents and sole sibling are deceased. He has never been married, has no children, and does not appear to have any close friends. He is not employed, and there is no indication that he engages in any regular volunteer work or similar activity. His only remaining connection to Minnesota

appears to be his niece. As shown by his niece's lack of contact information for him and her comment that he "pretty much disappeared," Howley and his niece do not seem to be close. In addition, when FBI agents finally located Howley, he actively resisted arrest. Gov't Ex. 1. Finally, Howley has a history (albeit dated) of probation violations. ECF No. 19 at 2-3 (Minnesota pretrial services report).

To sum up: Based on the evidence in the record, the government appears to have very strong evidence that Howley committed the crimes with which he is charged, and thus Howley appears to be facing a de facto life sentence. Howley is not employed; he has no spouse, child, or other close family member; and he has no meaningful ties to Minnesota. Howley has also shown some propensity for disregarding court orders in the past. Under these circumstances, and giving some weight to the presumption in favor of detention, the Court finds that no condition or combination of conditions will reasonably assure Howley's appearance. In the Court's experience, GPS devices and monitoring at halfway houses do little to prevent motivated defendants from escaping; those defendants often find ways to cut off their monitors and walk out the door.

The Court therefore grants the government's motion and orders that Howley be detained pending trial.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The government's motion to revoke release order [Docket No. 26] is GRANTED.

2. Defendant James Howley is hereby ordered DETAINED under 18 U.S.C. § 3142(e).

3. Howley is committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

4. Howley must be afforded reasonable opportunity to consult privately with his counsel.

5. On order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which Howley is confined must deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: December 1, 2017                s/Patrick J. Schiltz
                                       Patrick J. Schiltz
                                       United States District Judge